THE GOVERNOR, FOR USE, &C., *vs.* PLEASANTS ET AL.

In debt, on sheriff's bond, a breach, charging him with collecting money on execution and failing to pay it over, must allege a demand and refusal.
In such action, a breach that he has not returned the execution, is good.

THIS was an action of debt, determined in Washington Circuit Court, in December, 1841, before the Hon. JOSEPH M. HOGE, one of the Circuit Judges. Suit was brought in the name of "ARCHIBALD YELL, Governor of Arkansas," successor of James S. Conway, Governor, for the use of James Littlefield and others, against Lucius C. Pleasants and others, his securities, on his bond to JAMES S. CONWAY, Governor, as sheriff of Washington county. The declaration recited the issuing of an execution, directed to him, in favor of Littlefield & Co., against William Dugan, and alleged two breaches: First, that he collected the money on the execution, and did not pay it over, without averring any demand and refusal to pay over; and, second, that he did not return the execution. After a motion to quash the writ was overruled, the defendants demurred, assigning *eight* causes of demurrer. The causes assigned were, briefly, that the suit was improperly brought in the name of Gov. YELL, and not in the name of the obligee; that the bond was not executed as required by law; that there was no averment that JAMES S. CONWAY was Governor; that it was a personal suit by Archibald Yell; that there was no averment that he was successor of Gov. CONWAY; and that the declaration did not specify which of the defendants was principal, and which security. The Court sustained the demurrer, and gave final judgment for the defendants. The case came up by writ of error.

*Walker*, for the plaintiff.

The principal ground relied on by the defendants, and in which they were sustained by the Court below, is, that the bond was executed on the 8th January, 1839, under the act of 1836; the Revised Statutes were declared in force 20th March, 1839; and, therefore, the breaches

25

were not covered by the bond: in other words, that the act, declared in force the 20th March, annulled and destroyed its obligatory force. Such never was the intention of the Legislature; nor is such the legal effect of the repeal of the act of 1836. 1 *Cranch*, 103. 2 *Cranch*, 358. 2 *Gallis. C. C. R.* 204.

*Oldham, Paschal,* and *Evans,* contra.

On the 26th day of October, 1836, the Legislature passed a law, entitled "An act to regulate the office of sheriff," which required the sheriffs to give bond to the Governor of the State of Arkansas, and his successors in office. See *pamphlet acts of* 1836, *pp.* 112, 113. The bond, in this case, was executed in January, 1839. After its execution, and before the breaches complained of by the plaintiff, the statute, passed December 18th, 1837, took effect on the 20th March, 1839. This statute required the sheriffs' bonds to be given to the State of Arkansas, and has express reference to the election of 1838, at which time Pleasants was elected sheriff of Washington county. *Rev. St., Chap.* 140, *title* "*Sheriffs.*" The statute of 1836 was repealed by express words, by the 129th *Chap,, sec.* 28, *Rev. St., title* "*Revised Statutes,*" without continuing the sheriffs' bonds in force, or providing that they shall remain liable on the bonds given under the law then repealed, for any future acts. The sheriff, then, is not responsible, on his bond, for any acts done, or penalties or forfeitures incurred, subsequent to the repeal of the act of 1836, under which the bond was executed, as there is no provision or exception, in the act by which it was repealed, continuing in force such bonds. *Miller's case,* 1 *Black. Rep.* 451. *United States vs. Passmore,* 4 *Dall. Rep.* 372. *Hatfield Township Road case,* 4 *Yates' Rep.* 392. 1 *Kent's Com.* 465, *note a.* 11 *Pick.* 450. 21 *Pick.* 350. *Commonwealth vs. Duane,* 1 *Binn.* 608. 1 *H. P. C., Chap.* 40, *sec.* 6. *Rex vs. Morgan,* 1 *Str.* 1066. *Bac. Abr.* "*Statute,*" D.

Whence does the Governor derive his authority to sue, after the act by which he was made trustee, was repealed? The bond was executed to the Governor, as a sole corporation. 1 *Black. Com.* 469. 2 *Bac. Abr. title* "*Corporation.*" 3 *Kent's Com.* "*Corporation,*" 273. 1 *Kyd on Corporations,* 76, 77. When a corporation is dissolved by

act of Parliament, the debts due to or from it are extinguished. 4 *Black. Com.* 484. 3 *Kent's Com.* 305.

It does not appear that Archibald Yell sues in his representative character. *Brown vs. Hicks,* 1 *Ark. Rep.* 232.

*By the Court,* LACY, J.

The questions raised upon the assignments of the demurrer are most, if not all of them, frivolous; but, whether good or bad, are merely matters in abatement, and therefore could not be taken advantage of upon demurrer. The declaration contains two breaches. The first charges the sheriff for collecting the money and failing to pay it over, upon the execution. This breach contains no demand and refusal, and of course would be held to be bad. There is no cause of action accruing against the sheriff, in this form of action, for his collecting of money and failing to pay it over, unless the plaintiff avers a demand and refusal.

The second breach charges the sheriff with a failure to return the execution according to law. We hold this breach to be good. The words of our statute expressly make him liable, if he fails to return the execution, or makes a false return. The act declares, that, " if any officer shall not return any execution that comes to his hands, on or before the return day therein specified, or shall make a false return thereof, he shall be held liable, and bound to pay the whole amount of money in such execution." Language cannot be more explicit or peremptory than this. The second breach is, therefore, properly assigned.

Judgment reversed.